UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUE DELARA,
on behalf of herself and all others
similarly situated,

          Plaintiff,

v.

UNIVERSAL UNDERWRITERS
SERVICE CORPORATION, and ZURICH
HOLDING COMPANY OF AMERICA, INC.

          Defendants.

Case No.

## CLASS ACTION COMPLAINT

Plaintiff Sue DeLara ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Universal Underwriters Service Corporation ("Universal") and Zurich Holding Company of America, Inc. ("Zurich") (collectively as "Defendants"), based where applicable on personal knowledge, information and belief, and the investigation of counsel states as follows:

### I. NATURE OF THE ACTION

1. On or about June 22, 2024, Plaintiff purchased a new motor vehicle from Ford of Port Jeff, LLC ("Ford"), an automobile dealership located in Port Jefferson, Suffolk County, New York.

2. At the time of the purchase, Plaintiff also purchased a Zurich Vehicle Service Contract ("Service Contract") from Defendants Universal and Zurich for $3,996.00, plus New York state sales tax in the amount of approximately $344.65. This Service Contract was sold by Ford as an agent of Defendants Universal and Zurich.

3. Several days after she purchased the Service Contract, Plaintiff cancelled the Service Contract pursuant to its terms.

4. Pursuant to the Service Contract, the purchase price of $3,996 was returned to the financing lender for the vehicle, rather than to Plaintiff.

5. The New York state sales tax that was paid for the Service Contract was not returned to either the lender or Plaintiff.

6. Plaintiff seeks for herself, and all those similarly situated, return of all New York state sales tax wrongfully withheld, as well as an additional 10% for each month that the sales tax was not returned after 30 days from when Plaintiff and the Class Members cancelled their Service Contracts.

## II.   JURISDICTION

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members, the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and members of the proposed Class are citizens of a state different from the Defendants' home states. Plaintiff is a citizen of New York, Universal is a citizen of Missouri (where it is incorporated) and Illinois (where it has its principal place of business), and Zurich is a citizen of Delaware (where it is incorporated) and Illinois (where it has its principal place of business).

8. This Court also has supplemental jurisdiction over state law claims described herein under 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Universal as it is registered to do business in the State of New York (under the d/b/a name UUSC Service Company), conducts business and

derives substantial revenue in the State of New York, and is the Administrator/Obligor/Provider for automobile service contracts sold by its agents and/or representatives in the State of New York.

10. This Court has personal jurisdiction over Zurich as it transacts and conducts business in the State of New York through its agents, affiliates, representatives, and/or subsidiaries, including but not limited to Universal, which contract to provide Zurich Service Contracts to vehicle owners in New York. Zurich derives substantial revenue from the State of New York through its agents, affiliates, representatives, and subsidiaries, and otherwise engages in interstate commerce.

### III.   VENUE

11. Venue is proper in this District under 28 U.S.C. § 1391 because this is the District where a substantial part of the events giving rise to the claim occurred, Plaintiff resides in this District, the service contract at issue was purchased in this District, communications regarding Plaintiff's purchase and cancellation of the service contract at issue were sent and received in this District, and Plaintiff's causes of action arose in this District. Venue is also appropriate here because Defendants are subject to the Court's personal jurisdiction with respect to this action in this District.

### IV.   PARTIES

12. Plaintiff Sue DeLara is an individual who resides in Suffolk County, New York.

13. Defendant Universal Underwriters Service Corporation is a corporation registered in and actively engaged in business in the State of New York under the d/b/a UUSC Service Company. Universal is an Administrator/Obligor/Provider of Zurich vehicle service contracts in New York. Universal is incorporated in Missouri and has its principal place of business in Illinois. Universal is a wholly owned subsidiary of Zurich.

14. Defendant Zurich Holding Company of America, Inc. is a corporation and the parent company of Universal. Zurich is incorporated in Delaware and has its principal place of business in Illinois.

## V.   FACTUAL ALLEGATIONS

15. On or about June 22, 2024, Plaintiff purchased a new motor vehicle from Ford, an automobile dealership located in Port Jefferson, Suffolk County, New York.

16. At the time she purchased the vehicle, Plaintiff also purchased a Zurich Service Contract, sold through Ford, from Universal and Zurich for $3,996.00.

17. As a New York-based retailer and seller of service contracts, Ford acts as a representative of the Defendants.

18. The sale of a service contract is a taxable transaction in New York pursuant to NY Tax Law § 1105(c)(3) and 20 N.Y.C.R.R. § 527.5(c)(1).

19. In addition to the $3,996 service contract price, Plaintiff paid an additional $344.65 in sales tax for the purchase of the Service Contract.

20. The Zurich Service Contract defines the "Administrator" of the contract as "Universal Underwriters Service Corporation, dba UUSC Service Company in California and New York."

21. The "Information Schedule" of the Service Contract further states that the contract's "Administrator/Obligor/Provider" is "Universal Underwriters Service Corporation."

22. The Service Contract, as well as the cancellation form for the service contract, includes the name Zurich and the letter Z in bold lettering at the top of the document, indicating Zurich's registered trademarks.

23. Universal is a provider and administrator of service contracts under the laws of the State of New York.

24. Universal, as Administrator of the Service Contract, is registered to do business in the State of New York and is a vendor required to collect sales taxes under the tax laws of the State of New York.

25. As a vendor under New York tax law, Universal is required to be registered with the State of New York as a sales tax vendor and must have a Certificate of Authority to collect sales tax in New York.

26. Universal is 100% owned by Zurich.

27. The Zurich Vehicle Service Contract Information Schedule, which states basic information about the Service Contract including DeLara's information as Purchaser, Ford's information as Seller, information about the vehicle and lienholder, as well as coverage and contract terms, also includes a QR code and web address that a purchaser can use to obtain an electronic copy of the Service Contract terms and conditions. The web address is listed as "bit.ly/3PQuiWy" which redirects to a "zurichna.com" web address to download the terms and conditions.

28. As Universal is a sales tax vendor in New York that is 100% owned by Zurich and uses Zurich's trademark on the Service Contracts, Universal is affiliated with Zurich pursuant to NY Tax Law § 1101(b)(8)(i)(I).

29. As an entity affiliated with Universal, Zurich is a vendor under the tax laws of New York State and must be registered as a New York sales tax vendor.

30.     As sales tax vendors under the tax laws of New York State, Defendants are jointly responsible for collecting and remitting sales tax to New York State on the sales of Service Contracts in New York.

31.     On or about June 27, 2024, Plaintiff cancelled the Service Contract pursuant to the contract's cancellation provision, using Zurich's form which was furnished by Ford. The Service Contract was cancelled approximately five (5) days after it was purchased.

32.     The Service Contract, in pertinent part, states: "**Cancellation by You**: **You** may cancel **your contract** at any time by providing written notice of cancellation to the **seller** or the **administrator** . . . If **you** cancel **your contract**, any refund owed will be paid or credited no more than 30 days from the date the **seller** or the **administrator** receives notice of the request."

33.     Under the provision titled "**Cancellation Refund**," the Service Contract states: "If cancellation is within 30 days of the **contract** Date of Sale and **you** have not incurred a claim, **you** will receive a full refund of the **contract** Purchase Price. No cancellation fee will apply during the first 30 days."

34.     Plaintiff's Service Contract was cancelled by Plaintiff within 30 days of purchase of the contract.

35.     The contract purchase price of Plaintiff's Service Contract included New York sales tax in the amount of $344.65.

36.     During the approximately five days Plaintiff's Service Contract was in effect, Plaintiff made no claims under the contract.

37.     Under New York law, when a Service Contract is cancelled, the customer is entitled to a refund of New York sales tax to the extent the original transaction is undone.

6

38. The Service Contract is regulated under Article 79 of the New York Insurance Law. New York Insurance Law § 7903(e) provides that if a service contract is cancelled within the time period permitted under the contract and no claim has been made, "the contract shall be void and the provider shall refund to the contract holder the full purchase price of the contract. A ten percent penalty per month shall be added to a refund that is not made within thirty days of return of the contract to the provider."

39. As Plaintiff cancelled her Service Contract within 30 days, the Service Contract was void and Plaintiff was entitled to receive a full refund of the Service Contract purchase price, including a full refund of the New York sales tax paid on the Service Contract.

40. On or about July 12, 2024, Ford issued a check as a refund of only the purchase price of the Service Contract.

41. The check, issued by Ford, was for the Service Contract purchase price of $3,996. The check was made payable to TD Auto Finance, the lienholder for Plaintiff's vehicle. The description accompanying the check stated, "SUE DELARA REFUND CANCELLED ZURICH WARRANTY 2024 FORD BRONCO."

42. The New York sales tax Plaintiff paid on the price of the Service Contract, $344.65, has not been refunded.

43. The procedures for vendors to follow relating to sales tax when a contract of sale has been cancelled are set forth in 20 N.Y.C.R.R. § 534.6(a), which includes excluding the New York sales taxes due for such cancelled contracts of sale from the vendor's tax return when the sales tax has yet to be remitted to the State of New York, and applying for a refund or credit for the tax paid for cancelled contracts of sale when the sales tax has already been remitted to the State of New York.

44. As the Administrator/Obligor/Provider of the Service Contracts, Universal is responsible for the return of New York sales taxes paid by Plaintiff and members of the Class for cancelled Service Contracts.

45. As the owner of Universal and as an affiliate of Universal under the tax laws of New York, Zurich is jointly responsible for the return of New York sales taxes paid by Plaintiff and members of the Class for cancelled Service Contracts.

46. Defendants have withheld and/or failed to return New York sales taxes to customers who cancelled their Service Contracts within 30 days of the date of sale of the contracts, in violation of New York tax law and in breach of their contractual duties under the Service Contracts.

47. The above-described practices, whereby Defendants failed to return to Plaintiff the amount of sales tax paid for the Service Contract that Plaintiff cancelled within 30 days of its dates of sale, were also applied to the members of the Class in the same manner, including Service Contracts purchased through all sellers and/or dealerships in New York.

48. In addition to a refund of the New York sales taxes paid for the Service Contract, Plaintiff and the Class are entitled to a ten percent penalty per month for sales taxes that were not refunded within thirty days of return of the contract to the provider.

49. The practices of Defendants have cost Plaintiff and the Class, at the very least, $5 million in aggregate losses through their failure to refund and return sales tax payments for thousands of cancelled Service Contracts.

## VI.     CLASS ACTION ALLEGATIONS

50. The Representative Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who purchased a Service Contract in New York stating Universal to be the administrator, obligor, and/or provider of the contract who, from the earliest allowable time within the statute of limitations through and including the date of judgment, cancelled the Service Contract within 30 days of the date of sale of the Service Contract, and did not incur a claim under the Service Contract during that time period, and who did not receive a refund for the amount of sales tax paid for the Service Contract.

51. Excluded from the Class are Universal, Zurich, and their officers, directors, agents, employees, counsel and subsidiaries and affiliates; Class Counsel, employees of Class Counsel's firm and associated law firm(s), and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely election to be excluded from the Class.

52. Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the class definition.

53. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members are known only to Defendants, Plaintiff avers, upon information and belief, that Defendants have withheld and/or failed to return the amount of sales tax paid for cancelled Service Contracts to thousands of New York claimants. The exact number of Class Members can be readily determined by documents produced by Defendants.

54. There are questions of fact and law common to the Class that predominate over any questions affecting only individual Class members, including the following:

- Whether Defendants withheld and/or failed to return to Class Members the amount of sales tax paid for Service Contracts cancelled within 30 days of the date of sale of the Service Contract;

- Whether, through the foregoing practices, Defendants breached its Service Contracts with the purchasers of the contracts;

- Whether, through the foregoing practices, Defendants violated New York State laws;

- Whether, through the foregoing practices, Defendants caused injury to Plaintiff and the Class;

- Whether Defendants' actions as set forth herein damaged Plaintiff and the Class and, if so, the measure of such damages;

- Whether Plaintiff and the Class are entitled to an award of compensatory or other damages by law or statute;

- Whether Plaintiff and the Class are entitled to an award of attorney's fees;

- Whether Plaintiff and the Class are entitled to declaratory and injunctive relief.

55. Plaintiff has the same interests in this matter as all other members of the Class. Plaintiff's claims are typical of the claims of the Class, which arise from the same operative facts and are based on the same legal theories.

56. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel who have litigated numerous class action lawsuits. Neither Plaintiff nor her counsel have any interests which might keep them from vigorously pursuing the claims or protecting the interests of all Class Members.

57. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

58. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is slight because of the sheer number of claims against the Defendants and the complexity of the matter.

60. Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims. The identities of the Class Members may be obtained from Defendants' records.

61. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants' actions are generally applicable to the Class as a whole making the final injunctive relief and/or corresponding declaratory relief that Plaintiff seeks here appropriate with respect to the Class as a whole.

62. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact enumerated herein predominate over questions affecting only individual members of the Class and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual Class Members will prosecute separate actions is remote due to the limited damages per Class Member and the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in class action litigation, foresees little difficulty in the management of this case as a class action.

## VII.   COUNTS ALLEGED

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

63. Plaintiff incorporates the paragraphs above as if fully set forth herein.

64. Defendants' Service Contract specifically provides that purchasers may cancel the contract within 30 days of the date of sale of the Service Contract and, if no claims were made, receive a full refund of the contract purchase price.

65. Upon information and belief, the material provisions of the Service Contract are identical for Plaintiff and all Class Members.

66. Defendants breached the Service Contract by failing to return and/or refund the amount of sales tax paid by purchasers for the price of the Service Contract following the purchasers' cancellation of the contract within 30 days of the contract date of sale where no claim was made under the Service Contract.

67. Universal, as the Administrator/Obligor/Provider of the Service Contract, is obligated to refund the amount of sales tax paid by purchasers for the price of the Service Contract following the purchaser's cancellation of the contract within 30 days of the contract date of sale where no claim was made under the Service Contract.

68. Zurich, as an affiliate of Universal, is jointly liable for the return and/or refund of sales taxes for cancelled Service Contracts.

69. Defendants' breaches of the Service Contracts have resulted in a systemic failure to provide purchasers with a full refund as required by the contract, including the amount of sales tax paid.

70. Defendants' breaches of the Service Contracts have caused damages to Plaintiff and the members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests a jury trial and prays for relief and judgment as follows:

A. an Order certifying this action as a class action on behalf of the Class described above;

B. an Order appointing Plaintiff as class representative and appointing the undersigned counsel to represent the Class;

C. on the First Cause of Action for breach of contract, compensatory and/or other damages, as warranted by Defendants' conduct described above, including without limitation contract damages for Plaintiff and the Class, in an amount to be determined at trial;

D. awarding Plaintiff all applicable interest, costs and disbursements incurred in connection with this action;

E. an Order granting declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 declaring the rights of Service Contract purchasers and those who would purchase such Service Contracts and who may suffer similar losses in the future, as well as those who have suffered losses based on Defendants' failure to refund applicable sales tax, and declaring the liabilities of Defendants;

F. an Order granting injunctive relief, including an injunction requiring Defendants to return and/or refund sales taxes collected on the sales of Service Contracts to purchasers who cancel and/or return the Service Contracts within 30 days of the date of sale of the contract, where no claim has been made under the contract, because Plaintiff and the Class have no plain, speedy, or adequate remedy at law, the respective interests of the parties favor an injunction, and an injunction is in the public interest;

G.  an award of attorneys' fees and costs, as provided by law and/or as would be reasonable from any recovery of monies recovered for or benefits bestowed upon the Class; and

H.  such other relief as this Court may deem just, equitable or proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all of the claims asserted in this complaint so triable.

DATED:    October 23, 2024

                LEWIS SAUL & ASSOCIATES, P.C.

By:    /s/ *Edward A. Coleman*
Lewis J. Saul
Edward A. Coleman
29 Howard Street, 3rd Floor
New York, NY 10013
(212) 376-8450

*Counsel for Plaintiff and the Class*