UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUE DeLARA, | |
| Plaintiff, | **MEMORANDUM & ORDER**<br>2:24-cv-7410-ST |
| -against- | |
| UNIVERSAL UNDERWRITERS SERVICE<br>CORPORATION and ZURICH HOLDING<br>COMPANY OF AMERICA, INC., | |
| Defendant. | |

**TISCIONE, United States Magistrate Judge:**

Sue DeLara ("DeLara" or "Plaintiff") brought a class action against Universal Underwriters Service Corporation ("Universal") and Zurich Holding Company of America, Inc. ("Zurich") alleging Defendants breached their contract by unlawfully retaining sales tax when issuing a refund on a vehicle service contract – i.e. warranty – ("VSC")[1]. Defendants now move to dismiss alleging this court lacks subject matter jurisdiction. For the reasons set forth below, this Court agrees.

**PARTIES**

Plaintiff Sue DeLara is a Suffolk County, New York resident.

Defendant Universal Underwriters Service Corporation is a corporation registered and engaging in business in New York under the d/b/a UUSC Service Company. Universal sells Zurich VSCs in New York. Universal is incorporated in Missouri and has its principal place of business in Illinois. Universal is a wholly owned subsidiary of Zurich.

Defendant Zurich Holding Company of America, Inc. is a corporation and the parent company of Universal. Zurich is incorporated in Delaware and has its principal place of business in Illinois.

---

[1] The complaint was filed as a class action under Fed. R. Civ. P. 23, but the class has not yet been certified.

## BCKGROUND[2]

On June 22, 2024, Plaintiff purchased a car from Ford of Port Jeff, LLC. Compl. ¶ 1, ECF No. 1. In addition, Plaintiff purchased a VSC from Universal. *Id*. ¶ 16. The VSC cost $3,996.00 plus New York sales tax of roughly $344.65. *Id*. ¶ 19.

The purchase agreement provided that Plaintiff was entitled to a refund if she cancelled within 30 days of purchase. *Id*. ¶ 32-34. Five days later, on June 27, Plaintiff cancelled the VSC. *Id*. ¶ 31. Per the terms of the agreement, Plaintiff was entitled to a refund of the full purchase price. *Id*. ¶ 38. Plaintiff was refunded $3,996.00 – but not the $344.65 sales tax. *Id*. ¶¶ 41-2.

Plaintiff filed a putative class action with one cause of action – breach of contract for the failure to refund the sales tax. *Id*. ¶ 6. Defendants move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to stat a claim. This Court will only address the 12(b)(1) argument.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed R. Civ. P. 12(b)(1).

In doing so, the Court constructs all ambiguities and draws all inferences in Plaintiff's favor. However, under 12(b)(1) challenge, the "plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002). In making such a determination this Court is "free to consider materials extrinsic to the complaint." *Id*.

---

[2] The Court takes the factual allegations from the Complaint, ECF No. 1, and assumes they are true for purposes of this Motion. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

## DISCUSSION

### I.    Subject Matter Jurisdiction – New York Tax Commission

New York Tax Law requires vendors, like Universal, to collect sales tax from customers and remit the sum to the New York Tax Commission ("Commission"). *See* N.Y. Tax Law § 1131. Vendors "collect [sales tax] as trustee for and on account of the state." N.Y. Tax Law § 1132. Relevant here, § 1140 provides the Commission with exclusive jurisdiction over grievances of sales taxes that are "illegally or unconstitutionally collected or paid." N.Y. Tax Law §§ 1139, 1140. A party seeking a tax refund submits an application with the Commission which may issue "exclusive remedies." N.Y. Tax Law § 1140. Indeed, § 1140 grants the Commission exclusive authority to adjudicate disputes over taxes that have been collected or paid "erroneously, illegally or unconstitutionally." *Estler v. Dunkin' Brands, Inc.*, 691 F. App'x 3, 6 (2d Cir. 2017). Following the Commission's decision, an aggrieved party is not without judicial recourse. To be sure, § 1140 gives a party seeking judicial review of the Commission's decision the ability to file an Article 78 petition – New York's mechanism for challenging state administrative action. *Id*; *see also Whitfield v. City of New York*, 96 F.4th 504, 511 (2d Cir. 2024).

Here, Plaintiff brought a putative class action in federal District Court, alleging Defendants failed to refund her sales tax when she cancelled her VSC. Compl. ¶¶ 1-6. The thrust of Defendants' argument is that Plaintiff's claim falls within the exclusive purview of the Commission, thus obviating this Court's subject matter jurisdiction. Conversely, Plaintiff alleges that the Commission's exclusivity pertains only to unlawful tax collection and payment, not retention. Consequently, the novel issue before this Court is whether a party seeking remission of a tax improperly withheld by a vendor falls within the exclusive administrative purview of the New York Tax Commission. It does.

In *Guterman v. Costco Wholesale Corp.*, Costco charged sales tax on the full price of discounted items, thus improperly collecting more than what was owed to the State. 927 F.3d 67. The plaintiff sued, arguing the excess amount collected by Costco constituted unjust enrichment, thereby creating a private right of action outside the Commission's exclusive jurisdiction. *Id*. at 69. The Second Circuit disagreed, holding "the application-and-refund process contained [in § 1139] is the *exclusive* remedy for claims of unlawful collection of sales tax." *Guterman*, 927 F.3d at 70 (emphasis in original); *see also Cohen v. Hertz Corp.*, No. 13 CIV. 1205 LTS AJP, 2013 WL 9450421, at *3 (S.D.N.Y. Nov. 26, 2013) (dismissing class action for lack of subject matter jurisdiction because claim premised on defendant's failure "to comply with its determination and collection obligations under state tax law.").

Plaintiff's claim here is similar, as she alleges Universal's failure to refund sales tax creates a private right of action independent of the Commission's exclusive ambit. Attempting to distinguish from *Guterman*, Plaintiff argues her request for a refund of a properly collected sales tax – as opposed to an improperly collected one – renders the Commission's jurisdiction obsolete. The argument is unavailing.

The Second Circuit dealt with a similar issue in *Estler*, 691 F. App'x 3. There, like here, plaintiffs filed a putative class action, alleging the defendant unlawfully charged excessive sales tax on coffee bags. *Id*. at 4. The plaintiff argued their claim fell outside the Commission's exclusive purview because they sought "only the return of an unlawful surcharge, and not a sales tax refund." *Id*. at 5 (internal citation omitted). The Second Circuit disagreed, stating the argument "merits little discussion." *Id*. The Court continued that "plaintiffs offer nothing more than the bare and unsupported conclusion that defendants' allegedly erroneous charges were intended to represent

anything other than sales tax. This is insufficient to avoid the exclusive administrative remedy mandated by N.Y. Tax Law § 1140." *Id*. 5–6. This Court is similarly unpersuaded.

At bottom, Plaintiff seeks a refund of New York state sales tax, and her attempt to color it otherwise falls short. This Court harkens to *Kupferstein v. TJX Companies, Inc.*, No. 15-CV-5881 (NG), 2017 WL 590324 (E.D.N.Y. Feb. 14, 2017). There, a plaintiff filed a class action, alleging TJX included a $1.60 fee on a $10 coupon – the exact amount TJX would have charged in sales tax on her pre-discounted purchase. *Id*. at 3. The plaintiff, attempting to avoid the Commission's exclusive review, characterized the excess charge as a hidden fee, not an unlawful tax. *Id*. at 2. The Court dismissed, holding the plaintiff's attempt to redefine her claim to avoid exclusive administrative remedies fails. *Id*. The Court stated the "plaintiff cannot avoid the force of New York Tax Law § 1139 by [re]characterizing her claim[.]" *Id*. at 3. Plaintiff's claim here, boiled to its essence, is that Defendants violated New York Tax Law. As such, her claims belong before the New York Tax Commission.

True, the cases decided within this Circuit and in New York state courts dealt with the excessive and unlawful collection as opposed to retention. That distinction, however, is immaterial, because once a vendor has "collected the taxes, [their] responsibility has ended. A dissatisfied taxpayer's recourse is then against the taxing body." *Davidson v. Rochester Tel. Corp.*, 163 A.D.2d 800, 802 (1990). And to be sure, "Plaintiff does not . . . allege Defendants . . . were incorrect in collecting the tax or that the amount of tax collected was incorrect." Pl's Mem. of Law at 3. Accordingly, Defendants' obligation has ended. Whether Defendants unlawfully charged excess sales tax, or unlawfully retained a sales tax, Plaintiff's course of redress is before the Commission.

New York courts have enumerated only two distinct exceptions to the Commission's exclusive review: (1) where a party challenges the constitutionality of the tax statute (not at issue);

and (2) where the statue is attacked as wholly inapplicable. *Bankers Tr. Corp., v. New York City Dep't of Fin.*, 1 N.Y.3d 315 (2003). To the point, cases where courts have found New York Tax Law inapplicable are not analogous to the case at bar: *See Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 426 (S.D.N.Y. 2019) (no New York taxes were collected or remitted); *Empire State Bldg. Co. v. New York State Dep't of Tax'n & Fin.*, 150 Misc. 2d 747, 748 (Sup. Ct. 1990), *aff'd,* 185 A.D.2d 201 (1992), *aff'd,* 81 N.Y.2d 1002 (1993) (Petitioner challenging taxing authority ability to collect).

Indeed, the mandates of New York Tax Law §§ 1138, 1139, and 1140 "reflect a clear legislative intent to narrow the opportunity for administrative and court review." *550 Cent. Ave. Deli Corp. v. Comm'r of Tax'n & Fin.*, 188 A.D.2d 845, 846 (1992). At a minimum, Plaintiff "must first exhaust the available administrative remedies prior to commencing an action." *Metro Enters. Corp. v. Dep't of Tax'n & Fin.*, 171 A.D.3d 1377, 1379 (2019). Where, like here, a party fails to exhaust mandatory state law administrative remedies, "the action must be dismissed." *Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir. 2014).

Further, this Court finds Dismissal is appropriate as a matter of comity. It is well recognized that "[j]udicial restraint is the prudent course where the path through state and local law is not illumined." *Bray v. City of New York*, 356 F. Supp. 2d 277, 287 (S.D.N.Y. 2004). We are guided by the Supreme Court's admonition that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Where, as here, a novel and unresolved question of state law presents before a federal court, "principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003).

Here, New York state courts have not decided whether of N.Y. Tax Law § 1140 gives the Commission exclusive jurisdiction over claims that a vendor unlawfully retained sales tax upon issuing a refund. It is thus inappropriate for this Court to exercise jurisdiction over a novel question of state law.

As a final point, this dismissal is on 12(b)(1) grounds, as failure to exhaust administrative remedies deprives the court of subject matter jurisdiction, *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995), and "a dismissal for failure to exhaust available administrative remedies should be without prejudice." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) (quotation marks omitted). As such, this case is dismissed without prejudice

This Court need not address Defendants' remaining arguments.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion is GRANTED in full. The case is dismissed WITHOUT PREJUDICE.

**SO ORDERED**

/s/ _____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
         September 26, 2025